# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAJAIRA SANTIAGO,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br>ATTORNEY GENERAL OF NEW JERSEY,<br>NEW JERSEY MOTOR VEHICLE<br>COMMISSION, NEW JERSEY STATE<br>POLICE, JOHN DOES 1, 2, & 3,<br><br>      Defendants. | Civ. No. 17-1715 (KM) (JBC)<br><br>OPINION |

    This matter comes before the Court on the motion of the defendants to dismiss the complaint. ("Cplt.", ECF no. 1-1) No response to the motion has been filed. The defendants, State entities, assert that they are not "persons" who may be sued under 42 U.S.C. § 1983. I agree, and will dismiss all federal claims. I decline to exercise supplemental jurisdiction over any remaining State claims. As noted herein, the plaintiff filed his Complaint in State court, intending to pursue it there. This jurisdictional dismissal does not implicate the merits of any state-law claims that may be subsequently filed in state court. Alternatively, however, this dismissal is without prejudice to the filing of a proposed amended federal complaint within 30 days.

    According to the Complaint, plaintiff Jajaira Santiago is the victim of mistaken identity. There is an arrest warrant outstanding against someone using a name identical to hers. Her attorney has written to the defendants threatening them with legal action if his client should be arrested. (Cplt. ¶ 2) On August 14, 2015, Santiago nevertheless was arrested by the State Police, who, at least initially, did not believe her when she displayed a copy of her attorney's letter. After fingerprinting, however, she was released. (Cplt. ¶¶ 6, 7)

Case 2:17-cv-01715-KM-JBC   Document 4   Filed 07/14/17   Page 2 of 5 PageID: 46

In New Jersey Superior Court, Law Division, Union County, she filed a civil complaint against the State of New Jersey, the Attorney General of New Jersey, the New Jersey Motor Vehicle Commission, and the New Jersey State Police (the "State Defendants").[1] The Complaint is not always entirely clear as to what causes of action are being asserted. Count Three, at least, asserts that Santiago's arrest lacked probable cause and violated her Constitutional rights, and it cites 42 U.S.C. § 1983. Count One likewise alleges that the arrest lacked probable cause, but states only that plaintiff's "liberties were impaired."[2] Count Two alleges assault, a state-law tort.

On March 15, 2017, within 30 days of being served, the State Defendants filed a notice of removal to this Court, citing 28 U.S.C. §§ 1441(a), 1443, and 1446(b). The Notice states that this Court has original jurisdiction over the federal-law claims in the Complaint. *See* Notice of Removal, ECF no. 1, ¶ 5 (citing 28 U.S.C. § 1331 (federal-question jurisdiction); 28 U.S.C. § 1343 (jurisdiction over claims under federal civil rights statutes)).[3]

Now, the State Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint. Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S.

---

[1] The body of the Complaint mentions the Police Department of Hillside, New Jersey, but that entity is not listed in the caption and there do not seem to be any allegations against Hillside, beyond its having been one of the recipients of the warning letter sent by the plaintiff's attorney.

[2] The State Defendants speculate that this may be intended as a claim under the New Jersey State Constitution and the New Jersey Civil Rights Act ("NJCRA"). I am unsure.

[3] The State Defendants have waived their Eleventh Amendment federal-forum immunity by removing the action to federal court. That bar to subject-matter jurisdiction is therefore unavailable. Any other defenses that could have been asserted in a state court action, however, are not waived. *See Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008).

490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court case of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

I focus on allegations of violations of the United States Constitution, actionable under 42 U.S.C. § 1983. Count Three does, and Count One might, assert such a Section 1983 claim.

Section § 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (emphasis added).

3

A state and its departments are not considered "persons" amenable to suit under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67-70 (1989). The analysis is closely parallel to that under the Eleventh Amendment, which bars section 1983 suits for damages against "governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes," which are "no different from a suit against the State itself." *Id.* at 70-71. State officials, sued in their official capacities, are likewise not "persons" subject to a damages suit under section 1983. *Will*, 491 U.S. at 71 n.10; *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

This case, as pled, does not present a viable § 1983 claim.[4] The lead defendant is, of course, the State of New Jersey itself. Two others are clearly departments or agencies of the State. They are not amenable to suit under Section 1983. *See Morris v. United States*, No. CIV. 12-2926 NLH JS, 2014 WL 1272104, at *3 (D.N.J. Mar. 27, 2014) ("New Jersey is a State and the New Jersey State Police is an arm of the state; neither may be sued under § 1983."). The Attorney General seems to be sued solely as a stand-in for the State itself, *i.e.*, in his or her official capacity as an officer of the State. Any amended pleading should clarify that status and the basis for holding that official liable.

I exercise my discretion to decline supplemental jurisdiction over State law claims under 28 U.S.C. § 1367(c). There has been little or no progress in this litigation, and the plaintiff has not even responded to the motion to dismiss. There is no danger of duplicative litigation or waste of resources.

Because this is an initial dismissal, out of caution I will order that it be entered without prejudice to the filing, within 30 days, of an amended complaint. Alternatively, the plaintiff, who never intended to be in federal court

---

[4] A close call may be presented when it is not clear whether the State is the real party in interest, *i.e.*, whether the suit is really brought against the State. In such a case, the court will consider the so-called *Fitchik* factors: (1) whether the source of the money to pay a judgment would be the State treasury, (2) the status of the defendant entity under State law, and (3) the defendant entity's degree of autonomy. *Fitchik v. N.J. Transit Rail Ops., Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). This, however, is not such a case.

in the first place, may elect to file a state court complaint containing only state-law claims. Should he elect to go ahead with amended section 1983 claims, however, he is cautioned that the two-year statute of limitations, unless tolled, will expire shortly.

## CONCLUSION

For the reasons stated in this Opinion, the motion to dismiss the Complaint for failure to state a claim is granted without prejudice to the filing of a proposed amended complaint within 30 days.

Dated: July 14, 2017

_____
Kevin McNulty, U.S.D.J.

5